John D. Magnuson Montana Bar # 34217502
YAEGER & JUNGBAUER BARRISTERS, PLC
4601 Weston Woods Way
St. Paul, MN 55127
Telephone: (651) 288-9525
Facsimile: (651) 288-0227
E-Mail: jmagnuson@yjblaw.com

ATTORNEY FOR PLAINTIFF

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| JACOB POPP, | ) |
| | ) No. CV |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| MONTANA RAIL LINK | ) **JURY TRIAL DEMANDED** |
| A Montana corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff, Jacob Popp, by and through his attorneys, YAEGER & JUNGBAUER BARRISTERS, PLC, brings this Complaint against Defendant Montana Rail Link, Inc. Plaintiff states and alleges as follows:

1. That at all material times, Plaintiff Jacob Popp, was a resident of Park City, Montana;

2. That at all material times, Defendant Montana Rail Link ("MRL") was and is a Montana corporation duly organized and existing as a common carrier in interstate commerce; headquartered in Missoula, Montana; and was and is operating an interstate system of railroads in and through several states, including the State of Montana;

3. At all times material, Plaintiff was an employee of MRL, having been hired as a Switchman on November 12, 2012, and has continued his employment for MRL since.

4. That at all times material, Plaintiff was engaged in his duties as a switchman on behalf of the Defendant, a common carrier by rail engaged in interstate commerce, by reason thereof, the Defendant's liability is governed by an Act of Congress known as the Federal Employers' Liability Act (FELA), 45 U.S. Code, Section 51-60.

## Jurisdiction and Venue

5. Jurisdiction of this Court is proper and is based on the FELA. This action is timely filed, as less than three years has elapsed since the injury occurred.

6. Venue is proper in the District of Montana pursuant to 28 U.S.C. § 1391. A substantial part of the events, acts, and/or omissions giving rise to the claim in this action occurred in this judicial district. Plaintiff resides in this judicial district. Because MRL conducts business in this judicial district, is headquartered in this district, and has sufficient contacts within this judicial district, this Court has personal jurisdiction over MRL.

## COUNT I: FEDERAL EMPLOYERS' LIABILITY ACT

7. Each preceding paragraph is incorporated herein in its entirety by this reference.

8. On December 5, 2017, around 9:00 pm, Plaintiff was working in the course and scope of his employment for MRL when he walked off the track and into the refinery in Laurel, Montana. Plaintiff was walking when the ground gave way beneath him and he fell into a deep hole up to his knees. There were no cones, walking mats, or warning signs or devices present. Plaintiff continued working but as the day went on Plaintiff experienced pain in his back.

9. Pursuant to the FELA MRL owes and owed Mr. Popp a non-delegable duty to provide him with a reasonably safe place to work.

10. The incident was caused or contributed to, in whole or in part, by the negligence of MRL, its agents, employees and/or officers, in violation of the FELA. Such negligence includes, but is not limited to, the following:

   a. Failing to provide Mr. Popp with a reasonably safe place in which to work;

   b. Failing to provide Mr. Popp with a reasonably safe area to stand and walk;

   c. Failing to provide reasonably safe methods of work;

   d. Failing to provide reasonable supervision;

   e. Failing to warn Mr. Popp of the holes dug around the track and refinery in Laurel, Montana;

   f. Failing to properly post warning signs, cones, walking mats, or other caution signals around the holes;

   g. Failing to provide safe procedures and accident prevention programs;

    h. Assigning Plaintiff work which Defendant know or, in the exercise of reasonable care, should have known, would result in injury to Plaintiff; and

    i. Other acts of negligence.

11. Due in whole or in part to MRL's negligence, Plaintiff sustained severe and disabling injuries to his back and other parts of his body which have required epidural injections, physical therapy, and other medical treatment. He will require additional treatment in the future to treat his injuries.

12. As a result of his injuries, Plaintiff has experienced in the past and will continue to experience into the future bodily, emotional, and mental pain and anguish, and loss of enjoyment of life.

13. In an effort to treat, heal, and relieve his injuries, Plaintiff has incurred and will continue to incur expenses for future medical, hospital, and related care and treatment in an amount he is unable to accurately estimate or determine at this time.

14. As a result of this incident and his injuries, Plaintiff has in the past and will lose money and earnings he otherwise would have been entitled and has suffered a loss of earning potential.

**WHEREFORE**, Jacob Popp demands that judgment be entered against Montana Rail Link, Inc. in an amount sufficient to fully compensate him for all damages and losses he has and will suffer, together with his disbursements, interest, costs of this suit, and for such other relief the Court deems appropriate.

**JURY TRIAL DEMANDED.**

Jacob Popp, Plaintiff,

Dated: 12/3/2020

By: *John Magnuson*
John D. Magnuson Montana Bar # 34217502
YAEGER & JUNGBAUER BARRISTERS, PLC
4601 Weston Woods Way
St. Paul, MN 55127
Telephone: (651) 288-9525
Facsimile: (651) 288-0227
E-Mail: jmagnuson@yjblaw.com

ATTORNEY FOR PLAINTIFF